Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GEORGE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AIRBNB, INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff Adam George hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. George is a resident of Southern California specializing in portrait and event photography.

5. Upon information and belief, Plaintiff alleges that Defendant AIRBNB, INC. ("AIRBNB") is a Delaware corporation with its corporate headquarters in the State of California. Plaintiff further alleges that AIRBNB owns, operates, and/or controls the website airbnb.com and its related/affiliated subdomains, mobile websites, and applications, including but not limited to a0.muscache.com (collectively, "AIRBNB's Platform").

6. Upon information and belief, Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with AIRBNB, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

## CLAIMS REGARDING THE SUBJECT PHOTOGRAPH

7. George took and owns an original photograph entitled "Hafen/Bishop Engagement Shoot" that is registered with the U.S. Copyright Office under Reg. No. VA 1-924-407 (the "Subject Photograph").

8. Following the publication and display of the Subject Photograph, AIRBNB (as well as users of AIRBNB's Platform), uploaded, published, stored, displayed, and/or otherwise used the Subject Photograph for commercial purposes without a license, authorization, or consent from George on AIRBNB's Platform (collectively, the "Accused Posts"). The Subject Photograph and a representative examples of the Accused Posts are set forth below:

| SUBJECT PHOTOGRAPH |
|---|
|  |
| ACCUSED POSTS |
|  |
| https://www.airbnb.com/rooms/6362044?source_impression_id=p3_1742065541_P3IY1zzx4SovFR9p&modal=PHOTO_TOUR_SCROLLABLE |



https://www.airbnb.com/rooms/6362044?source_impression_id=p3_1742065541_P3IY1zzx4SovFR9p&modal=PHOTO_TOUR_SCROLLABLE&modalItem=45238670



https://a0.muscache.com/im/pictures/81332075/1f836dea_original.jpg?im_w=1440



https://a0.muscache.com/im/pictures/47328025/5449ccd1_original.jpg?im_w=1440



https://www.airbnb.com/rooms/8537975?source_impression_id=p3_1742064907_P3mEEmme8IEVqHbq&modal=PHOTO_TOUR_SCROLLABLE



https://www.airbnb.com/rooms/8537975?source_impression_id=p3_1742064907_P3mEEmme8IEVqHbq&modal=PHOTO_TOUR_SCROLLABLE&modalItem=85137038



https://a0.muscache.com/im/pictures/108495655/142f3c67_original.jpg?im_w=1440



https://www.airbnb.com/rooms/9515835?source_impression_id=p3_1742064359_P3t_DEC8y3-RhF8N&modal=PHOTO_TOUR_SCROLLABLE

https://www.airbnb.com/rooms/9515835?source_impression_id=p3_1742064359_P3t_DEC8y3-RhF8N&modal=PHOTO_TOUR_SCROLLABLE&modalItem=1066456987



https://a0.muscache.com/im/pictures/miso/Hosting-9515835/original/e91caaa6-6671-4e71-a64a-d54c80c5226b.jpeg?im_w=1440

9. On March 26, 2025, George sent a takedown notice ("Notice") pursuant to the Digital Millennium Copyright Act ("DMCA") to AIRBNB regarding the unauthorized uses of the Subject Photograph on AIRBNB's Platform. This Notice contained the information required for an effective takedown notice under the DMCA and AIRBNB's terms. Among other things, George's Notice clearly identified the Subject Photograph at issue, George's ownership of the Subject Photograph, the Accused Posts (each Accused Posts being a verbatim copy of the Subject Photograph), and where to find those uses on the AIRBNB Platform.

10. AIRBNB received said notice and provided a response to George stating in part "we're currently investigating your case and will reach out to you as soon as possible."

11. After AIRBNB failed to otherwise substantively respond to the March 26, 2025 Notice, George sent a follow up notice on August 5, 2025. AIRBNB again failed to respond.

12.　At the time of this filing, AIRBNB has still not removed several Accused Posts. To the extent Accused Posts have been removed by AIRBNB, AIRBNB's delay in removing said uses was unreasonably long. In no event did AIRBNB act expeditiously to remove, or disable access to, any of the Accused Posts.

13.　On information and belief, AIRBNB has knowledge not only of the Accused Posts, but of the rampant use of copyright-infringing content on its Platform and fails to implement and enforce a repeat infringer policy to deter the proliferation of copyright-infringing content on its Platform. This failure is because, *inter alia*, AIRBNB reaps significant profits from the infringement of photographs including the Subject Photograph across AIRBNB's Platform.

## FIRST CLAIM FOR RELIEF

(**For Copyright Infringement – Against All Defendants**)

14.　Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

15.　Upon information and belief, Defendants, and each of them, had access to the Subject Photograph, including through Plaintiff's website and social media accounts; Internet search engines or third-party websites; and/or because the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photograph. The identicality of the copying of the Subject Photograph also show access.

16.　Upon information and belief, Plaintiff alleges that Defendants, and each of them, copied, stored, distributed, published, reproduced, created derivative works of, displayed, and/or otherwise used the Subject Photograph on AIRBNB's Platform for commercial purposes without a license, authorization, or consent from George.

17. To the extent Defendants exploited the Accused Posts (and/or any/all other copies of the Subject Photograph) more than three years before the filing of this case, George did not know, and had no reason to know, of such exploitation(s).

18. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

19. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to their infringement in an amount to be established at trial.

20. Upon information and belief, Defendants committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, or in reckless disregard for or willful blindness to Plaintiff's rights, such that said acts of copyright infringement were willful, intentional, and malicious.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement Against AIRBNB)

21. George repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

22. George alleges on information and belief that AIRBNB had actual knowledge of, and/or was aware of the facts or circumstances, of the Accused Posts (i.e., specific infringing material on AIRBNB's Platform). The information provided in the Notice that AIRBNB received contained the types of information called for under AIRBNB's Platform's copyright policy and the DMCA. Moreover, the Notice presented and formatted that information on the relationship between the means for finding the Accused Posts and the Accused Posts themselves.

23. AIRBNB had the tools, resources, staff, technological capabilities, and knowledge of/about photographs on AIRBNB's Platform and servers (including the Accused Posts) to locate and remove the Accused Posts, and thereby prevent further infringement of George's copyright in the Subject Photograph. Indeed, doing so requires only simple measures from AIRBNB. Yet AIRBNB knowingly sat on its hands and failed to remove, or disable access to, Accused Posts, and to the extent it did remove or disable an Accused Post, it took an unreasonably long time to do so and in no event did it do so expeditiously. Instead, despite its actual knowledge and awareness of the Accused Posts, AIRBNB continued or continues to materially contribute to, and/or induce, further use of the Accused Posts by (1) failing to act, and (2) *inter alia* and upon information and belief, continuing to provide access to the Accused Posts through the decisions and acts set forth herein.

24. Moreover, AIRBNB's response, or lack thereof, to George's Notice—responses asking for additional information already provided—show that AIRBNB is not even attempting to comply with the DMCA notice-and-takedown process in good faith.

25. The combination of AIRBNB's knowledge and awareness of the Accused Posts (in addition to knowing full well the extent of copyright infringement that occurs on its Platform), its failure to remove or disable access to the Accused Posts expeditiously (or take any meaningful measure(s) to stem the spread of copyright-infringing content) after obtaining that knowledge and awareness, and its failure to adopt an adequate repeat infringer policy and actually enforce the same, removes any potential safe harbor protection afforded to AIRBNB under the DMCA, 17 U.S.C. § 512.

26. Plaintiff alleges that AIRBNB committed contributory and/or vicarious copyright infringement with actual knowledge or reckless disregard of its

1  rights such that said acts of copyright infringement were, and continue to be,
2  willful, intentional and malicious.
3      27.   By reason AIRBNB's acts of contributory and/or vicarious
4  infringement as alleged above, Plaintiff has been damaged and have suffered
5  damages in an amount to be established at trial.
6      28.   Due to AIRBNB's acts of contributory and/or vicarious copyright
7  infringement as alleged herein, it has obtained direct and indirect profits it would
8  not otherwise have realized but for its infringement of Plaintiff's rights in the
9  Subject Photograph. As such, Plaintiff is entitled to disgorgement of AIRBNB's
10 profits directly and indirectly attributable to its infringement of the Subject
11 Photograph, in an amount to be established at trial.
12     29.   Plaintiff is informed and believes and thereon alleges that AIRBNB,
13 has committed contributory and/or vicarious copyright infringement, as alleged
14 above, with actual or constructive knowledge of Plaintiff's rights, such that said
15 acts of contributory and/or vicarious infringement were willful, intentional and
16 malicious, which further subjects AIRBNB to liability for statutory damages under
17 Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty
18 thousand dollars ($150,000.00) per infringement. Within the time permitted by
19 law, Plaintiff will make its election between actual damages and statutory
20 damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from using the Subject Photograph in any manner that infringes Plaintiff's copyrights in the same;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be

proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;
d. That Plaintiff be awarded pre-judgment interest as allowed by law;
e. That Plaintiff be awarded the costs of this action; and
f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: September 4, 2025

DONIGER/BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
David Shein, Esq.
Attorneys for Plaintiff